

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Thomas" (2007). *2007 Decisions.* Paper 197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-3535
_____

UNITED STATES OF AMERICA

v.

HASSAN THOMAS,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00062-2)
District Judge:   Hon. Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2007

Before:   SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed November 26, 2007)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge.*

Hassan Thomas pleaded guilty to a one-count Superseding Information charging

him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §

841(a)(1).  The District Court sentenced him to a term of 176 months' imprisonment.  We

vacated the sentence and remanded for resentencing in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005). On remand, the District Court imposed the same sentence, and Thomas appeals.

Thomas argues that the sentence imposed by the District Court was unreasonable. We disagree. The District Court followed the three-step process we articulated in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), for sentencing after *Booker*. First, Thomas conceded that there was no dispute as to the advisory guideline range. *See Id.* at 247 ("Courts must continue to calculate the defendant's guidelines sentence precisely as they would have before *Booker*."). Second, Thomas conceded that he had made no motions for departure from the guidelines. *See id.* ("[Courts] must...rule on the motions of both parties and state on the record whether they are granting a departure....").

Thomas' argument therefore centers on the third and final step set forth in *Gunter*, that is, the District Court's exercise of discretion in considering the relevant § 3553(a) factors in sentencing. *Id.* At his re-sentencing hearing, Thomas informed the District Court that his mother was a substance abuser and a convict, and that his father was also a drug addict, drug dealer, and convict. As a result, Thomas was raised by various family members in an environment where drug use and violence were commonplace, and eventually Thomas began selling drugs himself. Thomas also raised the issue of the disparity in the relevant guideline imprisonment ranges for powder cocaine as opposed to crack cocaine.

After hearing and considering Thomas' arguments and his request for leniency, the District Court re-sentenced Thomas to the original sentence of 176 months imprisonment. The District Court stated:

> I find the guideline range is reasonable under all of the circumstances, and after having carefully considered each of the elements listed in 3553(a), the circumstances, this young man's background as a member of an established drug organization over a number of years, I believe that the sentence originally imposed was appropriate to reflect the seriousness of his conduct, to promote respect for the law, to provide adequate punishment and deterrence, to protect the public, and to provide the treatment and rehabilitation that he needs.

(Appx. at 57-58.)

We find that the District Court gave meaningful consideration to the § 3553(a) factors. The term of 176 months imprisonment was in the middle of the guideline range that Thomas concedes was accurately calculated. The District Court then found the guideline range to be reasonable "under all of the circumstances," which indicates that the Court considered all of Thomas' arguments. Thomas also admits that the District Court "addressed most, if not all, factors set forth in § 3553(a)." (Appellant's Br. at 17.) In light of Thomas' concessions and the District Court's consideration of the relevant 3553(a) factors, we find that the sentence imposed was reasonable and within the District Court's discretion.

For these reasons, we will affirm the sentence imposed by the District Court.